IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROCHELL BRENT DORTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:24-cv-799-ECM |
| | ) | [WO] |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is Plaintiff Rochell Brent Dortch's ("Dortch") motion

to remand. (Doc. 15).[1]  On November 7, 2024, Dortch filed a class action complaint against

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") in the

Circuit Court of Montgomery County, Alabama alleging breach of contract. (Doc. 1-1 at 3,

13).  On December 11, 2024, State Farm removed the case pursuant to the Class Action

Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2]  (Doc. 1 at 3–7, paras. 11–30).  Thirty days

later, Dortch moved to remand by contesting State Farm's claimed amount in controversy.

(Doc. 15 at 3–5, paras. 6–13).  Dortch contends that State Farm "has failed to meet [its]

burden of producing 'facts' proving by a 'preponderance of the evidence' that this case

---

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

[2] State Farm timely removed this case.  Dortch served State Farm on November 11, 2024. (Doc. 1-1 at 39).
State Farm removed the case within "[thirty] days after receipt by or service . . . of the initial pleading." 28
U.S.C. § 1446(b)(2)(B); *see also* 28 U.S.C. § 1453(b).

meets the minimum amount-in-controversy of $5 [million] for removal under CAFA[.]" (Doc. 22 at 1).

The Court deferred ruling on Dortch's motion and effectively stayed this case from April 4, 2025, through September 16, 2025, to allow the parties to engage in settlement negotiations. (*See* docs. 29, 31, 33, 35, 39).  On September 9, 2025, the Court held a telephonic status conference with the parties, who informed the Court that the parties had conducted jurisdictional discovery and determined that the amount in controversy fell below CAFA's $5 million threshold. (Doc. 38).  One week later, on September 16, 2025, the parties "jointly move[d] to remand this action" because they "no longer believe[] [that] the amount in controversy required by CAFA has been satisfied." (Doc. 40 at 1; *id.* at 2, para. 8).  Dortch's motion to remand is fully briefed and ripe for review. (*See* docs. 15, 21, 22).  After careful consideration of the motion, briefs, and applicable law, Dortch's motion to remand (doc. 15) is due to be GRANTED.

## II.  STANDARD OF REVIEW

This Court, like all federal courts, is a "court[] of limited jurisdiction" and "possess[es] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  State Farm removed the case under CAFA, which "grants federal district courts jurisdiction over class actions where (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 923 (11th Cir. 2019); *see also* 28 U.S.C. § 1332(d)(2)(A), (5)–(6).

"CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

Because Dortch contested State Farm's proffered amount in controversy, this Court must find "'by the preponderance of the evidence[] that the amount in controversy exceeds' the jurisdictional threshold." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014)). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. To determine whether State Farm meets its jurisdictional burden, the Court "may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Dudley*, 778 F.3d at 913 (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). State Farm is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. Instead, the relevant question before the Court "is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* at 751 (emphasis in original) (citation omitted).

## III.  FACTS

On October 12, 2023, Dortch filed a first-party total vehicle loss claim with her insurer—State Farm. (Doc. 1-1 at 5, para. 12). According to Dortch, under Alabama law, State Farm was required to provide insureds, following a total vehicle loss, a "cash

settlement based upon the actual cost . . . to purchase a comparable automobile . . . [which] includ[es] all applicable taxes, license fees[,] and other fees incident to the transfer of ownership of a comparable vehicle." (*Id.* at 6, para. 24). Dortch characterizes these taxes and fees as "Purchasing Fees." (*Id.* at 4, para. 7). Dortch contends that State Farm's failure to pay Purchasing Fees constitutes breach of its "standard form contract." (*Id.* at 7–8, paras. 25–27).

Dortch brings claims on behalf of a proposed class, comprised of over 1,000 "Alabama insureds . . . [that] submitted . . . first-party property damage claim[s] . . . where the total-loss claim payment[s] did not include Purchasing Fees." (*Id.* at 9–10, paras. 30, 34). Dortch contends that class members were subject to "uniform contractual provisions" and State Farm "wrongfully refused to properly pay Purchasing Fees to [Dortch] and every [c]lass [m]ember." (*Id.* at 12, paras. 46, 48). Notably, Dortch's class definition does not state that each class member failed to receive *all* Purchasing Fees. (*Id.* at 9, para. 30).

## IV. DISCUSSION

### A.    Background

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (italics in original) (citation omitted). "[O]nce a federal court determines that it is without subject matter jurisdiction, [a] court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Although the parties consent to remand, "the Court's power to remand based merely upon such consent is suspect."

*DiMarco v. KB Brunswick Hotel LLC*, 2023 WL 2967419, at *2 (S.D. Ga. Apr. 17, 2023)[3] (collecting cases).  The Court examines whether it has jurisdiction in light of the parties' stipulation.

**B.     Amount in Controversy**

The sole question before the Court is whether State Farm's notice of removal establishes, by a preponderance of the evidence, that CAFA's amount in controversy has been met. *See Dudley*, 778 F.3d at 913.  To aid its determination, the Court considers "facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *See Pretka*, 608 F.3d at 754 (citation omitted).  Here, the Court is not convinced by a preponderance of the evidence that Dortch's class action claims place more than $5 million in controversy.  Thus, State Farm—the removing party—fails to meet its burden to establish jurisdiction. *Id.* at 752.

In its notice of removal State Farm argued that 50,107 Alabama insureds filed first-party total loss claims during the relevant period, with an average vehicle value of $14,354.65. (Doc. 1 at 6, para. 26).  To calculate the amount in controversy, State Farm used Alabama's "2% sales tax"—one of the Purchasing Fees—and multiplied the sales tax rate by the average vehicle's value. (*Id.*).  Two percent of the average vehicle's value

---

[3] While the Court recognizes that *DiMarco* is nonbinding, the Court finds its analysis to be persuasive.

equates to $287.09. (*Id.*).  Accordingly, State Farm argued that the amount in controversy exceeded $14 million.[4] (*Id.*).

According to Dortch, she received payment from State Farm commensurate with Alabama's sales tax. (Doc. 15 at 4, para. 9; doc. 15-1 at 1).  After removal, Dortch contested State Farm's calculation and argued that State Farm "paid sales tax to most of its first[-]party total loss insureds and is using sales tax to grossly overinflate" the amount in controversy. (Doc. 15 at 2, para. 3).  In response, State Farm restated its numerical figures and attached a declaration confirming the accuracy of its mathematical calculation. (Doc. 21-1 at 2–3).  In reply, Dortch alleged, based on previous litigation, that State Farm "made a business decision to pay taxes and fees at the time of settling . . . total loss claim[s]." (Doc. 22-1 at 4, para. 9).

State Farm fails to satisfy its burden to show that the preponderance of the evidence supports CAFA jurisdiction.  Dortch and her proposed class argue they are entitled to one or more Purchasing Fees. *Cf. Dudley*, 778 F.3d at 914.  Although State Farm provided the Court with a specific number of class participants (50,107) it left the Court to guess which Purchasing Fees each class member was entitled to receive as compensation under its standard form contract.  To be sure, State Farm is not required to prove "the amount in controversy beyond all doubt." *Pretka*, 608 F.3d at 754.  That said, because Dortch challenged State Farm's proffered calculation, it needed to establish the amount in

---

[4] State Farm reached this figure after multiplying the number of first-party total loss claims (50,107) by the average total state sales tax ($287.09), to reach an amount in controversy of $14,385,218.60. (Doc. 1 at 6, para. 26).

controversy by a preponderance of the evidence.  Rather than providing the Court with additional calculations or data, State Farm relied on a declaration that restated its notice of removal allegations.  State Farm did not meaningfully rebut Dortch's argument that it had overinflated the amount in controversy.  Further, like the removing defendant in *Dudley*, State Farm "had access to its own . . . records" and "could have provided the . . . [C]ourt with more information" about the Purchasing Fees denied to class members "without conceding liability or being unduly burdened." 778 F.3d at 917.

Additionally, the parties engaged in jurisdictional discovery, which led the parties to conclude, based on the time of removal, that the amount in controversy was not met.  State Farm failed to provide any record evidence to the contrary, despite engaging in jurisdictional discovery.  Therefore, State Farm fails to meet its burden to demonstrate that CAFA's jurisdictional threshold has been satisfied.  This conclusion is bolstered by State Farm's own stipulation to remand, which effectively abandoned any argument that this Court has subject matter jurisdiction.  Thus, the Court remands this matter to Alabama state court.

## IV.  CONCLUSION

For the reasons stated, it is hereby ORDERED as follows:

1.    Dortch's motion to remand (doc. 15) is GRANTED.

2.    The case is REMANDED to the Circuit Court of Montgomery County, Alabama.

DONE this 19th day of September, 2025.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE